IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) CRIMINAL NO. 08-00389-WS |
| | ) |
| **EDMOND HUDMOND SMITH, IV,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter comes before the Court on the United States' Motion in Limine (doc. 24). The Motion has been briefed on an expedited basis, and is now ripe for disposition.[1]

Defendant, Edmund Hudmond Smith, IV, is charged in this District Court in a single-count Indictment (doc. 1) with being a convicted felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). The Indictment identifies the underlying felony as a conviction for "Certain Persons Forbidden to Possess A Firearm on February 13, 2008, in the Circuit Court of Mobile County, Alabama, Case No. 2007-3375." Smith has maintained in these proceedings that the predicate offense of conviction was a misdemeanor, not a felony. The Government has now filed a Motion in Limine seeking to preclude Smith from advancing such an argument to the jury during trial. Defendant has responded by branding the Government's Motion as "an attempt to mislead the Court" and insisting that the underlying conviction was, in fact, a misdemeanor. (*See* doc. 28.)

The Eleventh Circuit and other appellate courts have found that the determination of whether an underlying conviction qualifies as a § 922(g)(1) predicate conviction is a question of law for the court, not a question of fact for the jury.[2] Defendant has not maintained otherwise;

---

[1] Defendant filed his Response to the Motion twice, both at documents 28 and 29. There being no reason for duplicate filings of the same Response, document 29 is **stricken** as redundant.

[2] *See, e.g., United States v. Anton*, 546 F.3d 1355, 1358 (11th Cir. 2008) (finding that defendant's status as convicted felon for purposes of § 922(g)(1) prosecution "involved a question of law, rather than a question of fact for the jury"); *United States v. Grinkiewicz*, 873

indeed, Smith has also asked the Court to resolve this issue by arguing as follows: "It is respectfully submitted that the Motion in Limine should be denied and this indictment should be dismissed." (Doc. 28, at 2.) The parties thus appearing to concur that whether the underlying conviction qualifies as "a crime punishable by imprisonment for a term exceeding one year" under § 922(g)(1) is a question of law and having had a full and fair opportunity to be heard on same, the undersigned will proceed to resolve that issue.

The logical starting point for the analysis is the text of the statute which Smith is charged with violating in this case, which provides as follows: "It shall be unlawful for any person ... who has been convicted in any court of [] a crime punishable by imprisonment for a term exceeding one year ... to ... possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1). As a definitional matter, a "crime punishable by imprisonment for a term exceeding one year" specifically excludes "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." 18 U.S.C. § 921(a)(20). The statute goes on to provide that "[w]hat constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." *Id.* This approach of looking to state law to ascertain whether a predicate state-court conviction qualifies as a "crime punishable by imprisonment for a term exceeding one year" for § 922(g)(1) purposes has been adopted by the Eleventh Circuit. *See, e.g., United States v. Anton*, 546 F.3d 1355, 1357 (11th Cir. 2008); *United States v. Willis*, 106 F.3d 966, 967-68 (11th Cir. 1997). Therefore, the Court consults Alabama law to evaluate whether Smith was convicted in

---

F.2d 253, 255 (11th Cir. 1989) (defendant's contention in § 922(g)(1) prosecution that prior proceeding did not amount to a conviction "involved a pure legal question, not a factual issue which the jury must decide"); *United States v. Stanko*, 491 F.3d 408 (7th Cir. 2007) ("The definitional nature of § 921(a)(20) exclusions places the responsibility on the court to determine as a matter of law whether the prior conviction qualifies as a crime punishable by imprisonment for a term exceeding one year under § 922(g)(1)."); *United States v. Chenowith*, 459 F.3d 635, 636 (5th Cir. 2006) ("The question whether a felony conviction may serve as a predicate offense for a prosecution for being a felon in possession of a firearm pursuant to § 922(g)(1) is purely a legal one, for which we have plenary review.") (citations and internal quotation marks omitted); *United States v. Engesser*, 788 F.2d 1401, 1404 (9th Cir. 1986) ("Whether one may collaterally attack a predicate felony conviction in order to assert a defense to a charge of violating the federal firearms laws is a question of law.").

Case No. 2007-3375 in the Circuit Court of Mobile County, Alabama, of "a crime punishable by imprisonment for a term exceeding one year" for § 922(g)(1) purposes.

The key state statute is Alabama Code § 13A-11-72, which prohibits certain persons from possessing a pistol. Two subsections are particularly relevant. The first, subsection (a), reads as follows: "No person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence shall own a pistol or have one in his or her possession or under his or her control." § 13A-11-72(a). "Every violation of subsection (a) of Section 13A-11-72 ... shall be punishable by imprisonment for not more than five years." Ala. Code § 13A-11-84(a). Subsection (a) is a felony offense. *See* Ala. Code § 13A-1-2(8) (defining "felony" as "offense for which a sentence to a term of imprisonment in excess of one year is authorized"). By contrast, subsection (b) prohibits any "person who is a drug addict or an habitual drunkard" from owning, possessing or controlling a pistol. § 13A-11-72(b). Alabama law provides that "[e]very violation of subsection (b) of Section 13A-11-72 ... shall be punishable by imprisonment for any term less than one year or by a fine of not more than $500.00, or both." § 13A-11-84(a). Subsection (b) is a misdemeanor offense. *See* § 13A-1-2(9) (defining "misdemeanor" as "offense for which a sentence to a term of imprisonment not in excess of one year may be imposed").

In Case No. 2007-3375, Smith was charged in Mobile County Circuit Court with one count of owning, possessing or controlling a pistol after being convicted of a crime of violence, in violation of § 13A-11-72(a). (Doc. 24, at Exh. 3.) Defendant does not, and cannot reasonably, maintain that he was not indicted in Case No. 2007-3375 for a felony offense, given that the indictment specifically charges a violation of § 13A-11-72(a), for which punishment by imprisonment in excess of one year is plainly authorized by Alabama law.

On February 13, 2008, Smith entered a plea of guilty in Case No. 2007-3375. During the plea colloquy, Mobile County Circuit Judge Graddick reminded Smith that he was "charged with being a certain person forbidden to possess a firearm which carries a punishment of up to five years in the state penitentiary." (Doc. 24, Exh. 1, at 4.) Judge Graddick further advised Smith that "[b]y entering this plea of guilty, you are subject to a punishment somewhere in that range" (*id.*), by which he could only have meant a punishment of up to five years in the state penitentiary. This exchange clearly establishes that Smith was entering a plea of guilty to the

crime for which he was charged in the indictment, namely, violation of § 13A-11-72(a), a felony punishable by imprisonment of up to five years. This conclusion is reinforced by the State's summary of evidence in support of the plea, which recited that Smith "was found to be in possession of a firearm after a conviction of a crime of violence," in that a law enforcement officer viewed him holding a .45 caliber pistol following a prior conviction for theft of property in the third degree. (Doc. 24, Exh. 1, at 6.) Judge Graddick accepted Smith's guilty plea and adjudged him "to be guilty of this offense." (*Id.*) He then sentenced Smith to a term of imprisonment of six months. (*Id.*)

Other documents from the state court file reconfirm that the offense to which Smith pleaded guilty was in fact a violation of § 13A-11-72(a), the very offense he was originally charged with committing. For example, the "Case Action Summary" sheet included an order by Judge Graddick dated February 13, 2008 reflecting that Smith "is hereby adjudged guilty of CERTAIN PERSONS FORBIDDEN TO POSSESS A FIREARM, *for which he was indicted*." (Doc. 24, at Exh. 4 (emphasis added).) Similarly, the Notice of Intent to Plead Guilty signed by Smith and his lawyer on February 13, 2008 included handwritten verification that he was pleading guilty to the charge of "possession of pistol after conviction of crime." (Doc. 24, at Exh. 5.) From these materials, in conjunction with the guilty plea hearing transcript, it is quite obvious that the crime to which Smith pleaded guilty in Case No. 2007-3375 was violation of § 13A-11-72(a). Moreover, as a matter of law, § 13A-11-72(a) is an offense "punishable by imprisonment for not more than five years," Ala. Code § 13A-11-84(a), which clearly places it in the category of § 922(g)(1) predicate offenses because it is "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Thus, Case No. 2007-3375 constitutes a valid predicate conviction that the Government may properly use in this case to establish an element of the § 922(g)(1) charge against Smith.

Notwithstanding the foregoing, Smith is adamant that Case No. 2007-3375 "ended with a conviction for a misdemeanor." (Doc. 28, at 1.) In support of this argument, Smith offers two points. First, he cites a "record from the Alabama Judicial Data Center of Mobile County" which he says "reveals that this defendant was convicted of a violation of Title 13A-1172(b)." (*Id.* at 1-2.) Smith has not supplied a copy of that document to this Court. Even if he had, his argument makes no sense. All of the contemporaneous court documents from Case No. 2007-

3375 (including the guilty plea hearing transcript, the Notice of Intent to Plead Guilty, and the "Case Action Summary Sheet" bearing Judge Graddick's signature) unambiguously reflect that Smith was convicted of violating § 13A-11-72(a) (possession of a pistol by a person convicted of a crime of violence), not § 13A-11-72(b) (possession of a pistol by a drug addict or habitual drunkard). He was not charged with violating § 13A-11-72(b). Subsection (b) is not a lesser included offense of subsection (a). There is nothing in any of the court documents or the State's proffer of evidence that might support a finding that Smith was a "drug addict or an habitual drunkard" as required to be found guilty of § 13A-11-72(b). Surely, if Judge Graddick were accepting a guilty plea from Smith to a different, lesser offense than that for which he was indicted, that distinction would be highlighted in the guilty plea hearing transcript or other contemporaneous court records. It is not. The inescapable conclusion from these materials is that § 13A-11-72(b) has nothing to do with Case No. 2007-3375 and has no bearing whatsoever on Smith's offense of conviction in that case, namely, violation of § 13A-11-72(a).

Smith's second argument that the disposition of Case No. 2007-3375 cannot be a predicate conviction under § 922(g)(1) is that "[t]he punishment imposed in Circuit Court #2007-3375 was 6 months in jail and thus meets the definition of a misdemeanor and completely fails to meet the definition of a felony." (Doc. 28, at 2.) This contention is meritless. As mentioned *supra*, the touchstone of a § 922(g)(1) predicate conviction is that it must be for "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). The statute says "punishable," not "punished." For § 922(g)(1) purposes, it is irrelevant whether the underlying offense yielded a prison term in excess of one year; rather, all that matters is whether that offense is "punishable" by a term of imprisonment exceeding one year. Smith's conviction in Case No. 20075-3375 obviously meets that threshold, inasmuch as violations of § 12A-11-72(a) (the crime of which he was convicted) are punishable by a term of imprisonment of up to five years. Smith's suggestion that the Court should ignore the penalty range, and instead focus on the actual sentence imposed, in determining whether the underlying conviction qualifies as a predicate conviction for § 922(g)(1) purposes lacks any support in the text of the statute and is unfounded, as a matter of law.

Based on the foregoing, the undersigned agrees with the Government that Smith should be barred from arguing to the jury at trial that his conviction in Case No. 20075-3375 was for a

misdemeanor, such that it is not a § 922(g)(1) predicate conviction.  Accordingly, the Government's Motion in Limine (doc. 24) is **granted**.  Defendant will be forbidden from making arguments to the jury at trial that there is no valid predicate conviction or that the underlying state-court conviction was for a misdemeanor, not a felony.  That issue has been decided by this Court as a matter of law, and is therefore not properly presented to the factfinder at trial.[3]

**DONE** and **ORDERED** this 13th day of March, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[3] A second component of the Motion in Limine is the Government's request that Smith be precluded from advancing a jury nullification argument at trial.  Smith has not responded to this portion of the Motion.  Nonetheless, the law is crystal clear that such arguments to the jury are improper and impermissible.  *See, e.g., United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998) (recognizing that "the jury enjoys no right to nullify criminal laws, and the defendant enjoys a right to neither a nullification instruction nor a nullification argument to the jury"); *Cave v. Singletary*, 971 F.2d 1513, 1518 (11th Cir. 1992) ("defense counsel may not encourage the jurors to ignore the court's instruction and apply the law at their caprice") (citations and internal quotation marks omitted); *United States v. Trujillo*, 714 F.2d 102, 106 (11th Cir. 1983) (holding "that defense counsel may not argue jury nullification during closing argument").  Any effort by Smith at trial to encourage or solicit jury nullification would be improper; therefore, the Government's Motion in Limine is **granted** in this respect, as well.