IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 08-00389-WS |
| ) | |
| EDMOND HUDMOND SMITH, IV, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on defendant's post-trial Motion for Judgment of Acquittal (doc. 34) filed pursuant to Rule 29(c)(1), Fed.R.Crim.P.

**I.     Background.**

Defendant, Edmond Hudmond Smith, IV, was charged with possessing ammunition in or affecting commerce after having "been convicted in any court of ... a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). The case went to trial on March 16 and 17, 2009, at the conclusion of which the jury returned a guilty verdict.

Prior to trial, the Government filed a Motion in Limine (doc. 24) seeking to bar defendant from arguing to the jury that his underlying conviction in state court on February 13, 2008 was not for "a crime punishable by imprisonment for a term exceeding one year" for § 922(g)(1) purposes. The parties were given a full and fair opportunity to brief the issue on an expedited basis. Upon review of those submissions, the Court entered an Order (doc. 31) granting the Motion in Limine. *See United States v. Smith*, 2009 WL 692149 (S.D. Ala. Mar. 13, 2009). Relying on appellate authorities that have deemed the issue of whether a prior conviction is for an offense punishable by imprisonment for a term exceeding a year to be a question of law for the court to decide, the undersigned concluded that Smith's February 2008 conviction in state court indeed satisfied this criterion, as a matter of law. In particular, Smith had pleaded guilty to violating Alabama Code § 13A-11-72(a), which is "punishable by imprisonment for not more than five years." Ala. Code § 13A-11-84(a). There being no legal basis for Smith to argue to the jury in this case that his prior conviction was not punishable by imprisonment for a term

exceeding one year for purposes of § 922(g)(1), the Court granted the Government's Motion in Limine. In so doing, the Court specifically rejected Smith's arguments that (i) he had actually been convicted of § 13A-11-72(b), which is "punishable by imprisonment for any term less than one year," Ala. Code § 13A-11-84(a); and (ii) because the actual sentence imposed for the prior conviction was a six-month prison term and therefore less than one year, it could not constitute a § 922(g)(1) predicate offense.

At the outset of trial, Smith's counsel re-argued the Motion in Limine, even though the Court's ruling had already been made. He insisted that the February 2008 conviction yielded a misdemeanor sentence and maintained that a document from state court (which he had not brought with him to the courtroom, and which he never showed the Court) reflected that Smith had been convicted of violating § 13A-11-72(b), not § 13A-11-72(a). He also requested a continuance of the trial to search for an Alabama Supreme Court case that he contended supported his position. After hearing the arguments of counsel, the undersigned denied Smith's request for relief and reaffirmed the March 13 Order granting the Motion in Limine. Smith was precluded from arguing to the jury that the predicate offense of conviction did not satisfy § 922(g)'s requirement that it be punishable by more than one year in prison.[1]

## II.   Analysis.

Now, in his timely filed post-trial Rule 29 Motion, Smith seeks a third bite at the apple. Much of the Court's analysis and conclusions on this issue are set forth in the March 13, 2009 Order and in the transcript of the oral argument held at the beginning of the first day of trial. Nonetheless, the Court writes separately to Smith's present Rule 29 Motion to address two new wrinkles, to-wit: (1) Smith's production (for the first time) for the Court's perusal of the document that he contends shows that he was convicted under § 13A-11-72(b), not § 13A-11-72(a); and (2) Smith's citation to the special concurrence of Justice Jones in *Newberry v. State*,

---

[1]  To be clear, the undersigned's ruling went no further than to foreclose Smith from arguing that his prior conviction was for a crime not punishable by imprisonment for a term in excess of one year. The Court specifically informed Smith at the outset of the trial that if he had other arguments relating to the prior conviction element of the Government's case, he could make them. At no time has Smith identified any basis for attacking that aspect of the Government's case other than his contention that his February 2008 conviction in state court was not for a felony offense.

493 So.2d 995 (Ala. 1986).  Each of these issues will be addressed in turn.

### A.     *The Alabama Judicial Data Center Report.*

The March 13 Order detailed the overwhelming grounds for concluding that Smith's February 2008 conviction was for violation of Ala. Code § 13A-11-72(a), a crime punishable by imprisonment for up to five years, and not Ala. Code § 13A-11-72(b), a crime punishable by imprisonment for less than one year.  To recap briefly, Smith was indicted in state court for violating § 13A-11-72(a).  He was not charged with violating § 13A-11-72(b).  Section 13A-11-72(b) is not a lesser included offense of § 13A-11-72(a).  At Smith's guilty plea hearing, the judge advised Smith that the offense which he was charged with committing "carries a punishment of up to five years in the state penitentiary" and that his plea of guilty would subject him "to a punishment somewhere in that range," which could only be referring to § 13A-11-72(a), not § 13A-11-72(b).  The State's summary of evidence presented in support of the guilty plea laid out facts supporting a conviction under § 13A-11-72(a) (possession of a pistol after having been convicted of a crime of violence), and not facts supporting a conviction under § 13A-11-72(b) (possession of a pistol by a drug addict or habitual drunk).  The Case Action Summary bearing the judge's signature reflected that Smith had been adjudged guilty of the crime "for which he was indicted."  The Notice of Intent to Plead Guilty form signed by Smith and his attorney on the date of the guilty plea hearing confirmed that he was entering a plea of guilty to the charge of "possession of pistol after conviction of crime," which is clearly § 13A-11-72(a), not (b).  Nothing in the guilty plea hearing transcript, the Case Action Summary, the Notice of Intent to Plead Guilty, or other supporting documentation would support a conclusion that Smith actually pleaded guilty to a different offense than that for which he had been indicted, much less that the state court had accepted such a plea in the absence of a whisper of a suggestion that Smith had committed that other offense (*i.e.*, that he was a drug addict or habitual drunkard who had possessed a pistol).

Against this veritable tsunami of contemporaneous, unambiguous state-court documentation showing that Smith pleaded guilty to § 13A-11-72(a), Smith now offers (for the first time) a one-page document labeled "Alabama Judicial Data Center Mobile County Transcript of Record Conviction Report."  Notably, this document reflects that it was prepared by someone named "Deb" on February 22, 2008, fully 9 days after the guilty plea hearing.

Under the heading of "CHARGES @ CONV," the report states "PISTOL - CERTAIN PERSONS FORBIDD." Reading along that same row, subsequent columns further describe the charge as being Count 1, having a cite of 13A-011-072(B), and resulting in the "court action" of a guilty plea. The Court reads this row as identifying the charge on which Smith was indicted and the disposition of same. The inclusion of a (b) in that row rather than an (a) is obviously a typographical error, given that the indictment on its face charged Smith with violating subsection (a) and subsection (a) alone. Because count one of Smith's state-court indictment charged him only with violating § 13A-11-72(a), and because nothing in the contemporaneous state-court records or guilty plea transcript reflects that the indictment was ever amended or that Smith attempted or was permitted to plead guilty to some different offense other than that charged in the indictment, the only plausible reading of this report is that a data entry mistake was made nine days after the fact. Defendant cannot exploit that obvious clerical error as a viable basis for Rule 29 relief from his conviction here.[2]

---

[2] Besides, review of Alabama authorities raises considerable doubt as to whether the state court could have accepted Smith's guilty plea to a different offense than that charged in the indictment in these circumstances. *See, e.g.,* Rule 13.5(a), Ala.Crim.P. ("A charge may be amended by order of the court with the consent of the defendant in all cases, ***except to change the offense or to charge new offenses not contemplated by the original indictment***") (emphasis added); *Wright v. State*, 902 So.2d 738, 741-42 (Ala. 2004) (declaring defendant's conviction void where he was indicted for first-degree robbery and pleaded guilty to second-degree robbery because Alabama law "specifically required an indictment to be amended, whether formally or informally, by adding any facts necessary to bring the lesser charge within the scope of the indictment" before the guilty plea to that lesser offense could be accepted); *Duck v. State*, 947 So.2d 434, 435 (Ala.Crim.App. 2006) (observing that "an indictment may not be amended, even with the consent of a defendant, to charge a greater or different offense," such that circuit court could not accept guilty plea to that different offense) (citation omitted); *Hammond v. State*, 665 So.2d 970, 974 (Ala.Crim.App. 1995) (where State, in carrying out plea agreement, attempted to amend capital murder indictment to charge separate count for solicitation to distribute controlled substances, amendment was void by operation of Rule 13.5, and "all proceedings stemming from the amendment of the indictment had no legal effect and were void"); *Ross v. State*, 529 So.2d 1074, 1075 (Ala.Crim.App. 1988) (recognizing "requirement that the indictment must be the basis of the charge to which the accused pleads guilty"). Smith is urging this Court to find, based on a solitary report prepared by "Deb" nine days after his guilty plea, that the state court judge improperly allowed him to plead guilty to a different offense than that for which he was indicted, without hearing any facts that might support adjudication of guilt of that offense and without mentioning any such variance in the guilty plea colloquy or the case action summary.

### B.     *The Misdemeanor/Felony Issue Revisited.*

Smith's alternative basis for seeking a judgment of acquittal is his contention that his six-month sentence in the underlying state court case renders that conviction a misdemeanor, rather than a felony. In support of this assertion, he relies exclusively on a block quotation from a specially concurring opinion entered in *Newberry v. State*, 493 So.2d 995 (Ala. 1986), wherein Justice Jones opined as follows:

> "When a statute authorizes a range of punishment below and above the dividing line that separates a misdemeanor from a felony, and the sentence imposed upon the defendant is below that line, is the defendant's conviction a conviction of misdemeanor or of a felony? I would answer the question with the only answer that makes any sense: The defendant's conviction is a misdemeanor if the defendant is sentenced to no more than a year. If the defendant is sentenced to more than a year, his conviction is a felony."

*Id.* at 998 (Jones, J., concurring specially).

The cited passage from the concurring opinion in *Newberry* neither undermines the March 13 Order nor warrants a judgment of acquittal in Smith's favor for at least three distinct reasons. First, and most obviously, Justice Jones was speaking his own mind and stating his own conclusions. He did not purport to be speaking for the Alabama Supreme Court, but was rather stating what he felt the majority should have done, but did not do, in deciding that case. Such a special concurrence has no precedential value because "the views of the individual judges are of no concern unless such views are adopted at least by a majority of the court." *State v. Goldstein*, 93 So. 308, 314 (Ala.App. 1922); *see generally Blue Cross Blue Shield of Alabama v. Rigas*, 923 So.2d 1077, 1085 (Ala. 2005) (prior Alabama Supreme decision "is of no precedential value" where only three justices concurred in full opinion, four justices concurred in result, and one justice dissented); *Ex parte Discount Foods, Inc.*, 789 So.2d 842, 845 (Ala. 2001) ("The precedential value of the reasoning in a plurality opinion is questionable at best."). Simply stated, what a lone justice of the Alabama Supreme Court may have thought about this issue more than two decades ago is neither binding nor even instructive as to the state of the law in

---

Such an argument makes no sense, and places far more weight on this obvious, trivial clerical error than it can bear.

Alabama today on this point.[3]

Second, Smith's position is extraordinarily difficult to reconcile with the statutory definition of "felony" as set forth in Title 13A of the Alabama Code. Under Alabama law, a felony is defined as "[a]n offense for which a sentence to a term of imprisonment in excess of one year is authorized by this title." Ala. Code § 13A-1-2(8). On its face, § 13A-11-72(a) (the offense of conviction in the underlying state-court proceedings in this case) is "punishable by imprisonment for not more than five years." Ala. Code § 13A-11-84(a). Smith makes no attempt to explain, and the undersigned fails to see, any manner in which § 13A-11-72(a), which is punishable by up to five years' imprisonment, could not constitute a felony, that is, an offense for which a sentence to a term of imprisonment in excess of one year is authorized by Title 13A.[4] Under § 13A-1-2(8), a crime's felony designation is determined not by the length of the actual sentence imposed, but instead by whether a term of imprisonment in excess of one year is authorized by the criminal code. Such authorization is clearly provided for § 13A-11-72(a), by the plain language of § 13A-11-84(a); therefore, Smith's underlying conviction of violating § 13A-11-72(a) amounts to a felony conviction, as a matter of Alabama statutory law.

Third, Smith's *Newberry* argument is based on a semantic distinction that is irrelevant to the validity of his § 922(g)(1) conviction. Fundamentally, whether an offense is labeled a felony or a misdemeanor under state law does not matter for § 922(g) purposes. It is of no consequence what nomenclature the State of Alabama might use in characterizing his prior conviction. What

---

[3] Smith does not identify a single case, statute or scholarly writing subsequent to *Mayberry* in which Justice Jones' views have been repeated, adopted or have otherwise gained traction. The Court's independent research has uncovered no such authorities.

[4] In fact, Justice Jones' concurrence in *Newberry* sidesteps the Title 13A (criminal code) definitions of misdemeanor and felony by contending that they "were clearly intended to apply to those crimes specified in the criminal code" and that it would be "nonsensical" to "apply those definitions to crimes outside the criminal code." *Newberry*, 493 So.2d at 998 (Jones, J., specially concurring). *Newberry* involved Alabama's vehicular homicide statute, Ala. Code § 32-5A-192(b), which lies outside the criminal code. By contrast, possession of a pistol by a person convicted of a crime of violence is a Title 13A offense to which the criminal code's definitions of felony and misdemeanor unquestionably apply. Smith points to not a single authority in which Justice Jones' logic has been applied to a Title 13A offense, such as that at issue here, rather than one culled from elsewhere in the Alabama Code.

does matter is whether the underlying conviction is one for a "crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Federal authorities are legion for the proposition that this § 922(g) criterion hinges only on the maximum sentence to which the defendant was exposed on the underlying offense of conviction, and not on the actual sentence imposed or the felony/misdemeanor designation of same.[5] Smith's underlying conviction was for possession of a pistol by one convicted of a crime of violence, which was punishable by a term of imprisonment of up to five years under Alabama law. That Smith's actual sentence was

---

[5] *See, e.g., United States v. Hill*, 539 F.3d 1213, 1219-21 (10th Cir. 2008) ("Because the focus under § 922(g)(1) should be on the crime committed by the defendant, our analysis must center on the maximum statutory sentence" for the underlying offense, and § 922(g)(1) was satisfied where defendant's crime carried maximum penalty of 23 months' imprisonment, even though he was sentenced to just 10 months); *United States v. Jones*, 195 F.3d 205, 207 (4th Cir. 1999) (under § 922(g)(1), "it was plainly irrelevant to Congress whether the individual in question actually receives a prison term; the statute imposes disabilities on one convicted of a crime punishable by imprisonment for a term exceeding one year") (citation omitted); *United States v. Arnold*, 113 F.3d 1146, 1148 (10th Cir. 1997) ("Appellant attempts to rewrite 18 U.S.C. § 922(g)(1) by converting the word 'punishable' into 'punished.' What matters is not the actual sentence which the appellant received, but the maximum possible sentence."); *United States v. Qualls*, 108 F.3d 1019, 1021-22 (9th Cir. 1997) (rejecting defendant's argument that § 922(g)(1) predicate conviction was a misdemeanor because he was sentenced to probation on that offense, and reasoning that "whether a conviction is a felony depends not upon the actual punishment received, but upon whether the conviction is punishable by more than one year in prison," and maximum sentence for prior conviction was four years in state prison); *United States v. Melvin*, 27 F.3d 703, 704 n.2 (1st Cir. 1994) ("The statute does not require that the prior conviction be a felony; rather the statute only requires that the offense be punishable for a term exceeding one year."); *United States v. Essig*, 10 F.3d 968, 973 (3rd Cir. 1993) (opining in § 922(g) case that "it is the potential sentence that controls and not the one actually imposed," and rejecting defendant's position "that federal law does not deprive a convict of his right to possess a firearm unless his sentence actually imposed a prison term of the required length"); *United States v. Ingram*, 164 F. Supp.2d 310, 317 (N.D.N.Y. 2001) ("What matters when determining whether an offense comes under 18 U.S.C. 922(g) is not the actual sentence Defendant received. Rather the Court must examine the maximum possible sentence for the charged offense."); *United States v. Rivera*, 467 F. Supp. 37, 40 (D. Conn. 1979) ("The use of the word 'punishable' in the statute evidences an intent by Congress to include within the statute's ambit anyone whose previous conviction exposed him to a possible prison sentence in excess of one year. The actual sentence imposed for the previous conviction has no bearing on the legitimacy of a prosecution under the federal firearms statute."); *Watkins v. United States*, 2008 WL 2857030, *4 (M.D. Fla. July 22, 2008) (§ 922(g)(1) "does not require that the prior conviction be a felony; rather, the statute only requires that the offense be punishable for a term exceeding one year").

much lower is irrelevant.  He clearly was convicted of a crime punishable by imprisonment for a term exceeding one year, thereby triggering the § 922(g)(1) prohibition on his possession of ammunition in or affecting commerce.  Even if Alabama courts might have construed that prior conviction as a misdemeanor rather than a felony, his exposure to criminal prosecution under § 922(g)(1) for possessing ammunition in or affecting commerce remained intact.[6]

**III.    Conclusion.**

For all of the foregoing reasons, Smith's Motion for Judgment of Acquittal (doc. 34) is **denied**.

**DONE** and **ORDERED** this 27th day of March, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[6]    The only way a crime's felony or misdemeanor status matters for § 922(g) purposes is that, as a definitional matter, Congress has excluded "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less" from the ambit of the term "crime punishable by imprisonment for a term exceeding one year."  18 U.S.C. § 921(20)(B).  But this limitation cannot help Smith.  Even if his conviction of § 13A-11-72(a) were classified as a misdemeanor under Alabama law, that offense (which carries a five-year maximum) is not "punishable by a term of imprisonment of two years or less," such that Smith is not eligible for the § 921(20)(B) exclusion, in any event.