# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

                                      Case No. 1:08cr389-WS
vs.                                     Case No. 1:10cv703-WS/WCS

**EDMUND HUDMOND SMITH, IV,**

    Defendant.

_____ /

## REPORT AND RECOMMENDATION ON RULE 60 MOTION

Defendant, proceeding pro se, filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 and motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(1)-(6) and (d). Docs. 74 and 79. The case has been referred to me to handle all matters which may be handled by a magistrate judge. Doc. 80.

This is a federal criminal case. Defendant is not entitled to relief pursuant to Civil Rule of Procedure 60.

> Rule 1 of the Federal Rules of Civil Procedure unambiguously provides that "[t]hese rules govern the procedure in the United States district courts in all suits of a civil nature. . . ." The judgment and order that the defendant contests were entered, not in a civil case, but in a criminal case, and a proper appeal of the forfeitures should have been raised in the defendant's criminal appeal of his conviction and sentence. *Rule 60(b) simply does not provide for relief from judgment in a criminal case* . . . .

United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (emphasis added); United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (it was said in Mosavi "that the Federal Rules of Civil Procedure 'unambiguously' limited their application to *civil* cases," emphasis in original) (also quoting the language of Mosavi emphasized in the passage above).[1]  This rationale applies equally to Rule 60(d), previously included as part of subsection (b).[2]

By separate order Defendant is directed to file an amended § 2255 motion raising all available grounds, including those currently raised in the Rule 60 motion.

---

[1] *Cf.* Gonzalez v. Crosby, 545 U.S. 524, 530-536, 125 S.Ct. 2641, 2647-50, 162 L.Ed.2d 480 (2005) (Rule 60(b) may be used to relieve a party from the judgment entered in a federal habeas corpus proceeding, but should be considered a second or successive filing where raising a claim for relief from the judgment of conviction).

[2] The substance of Rule 60(d), relied on by Defendant, was formerly (and at the time Mosavi and Fair were decided) part of Rule 60(b).  Subsection (d) provides that the rule does not limit the court's power to "entertain an independent action to relieve a party from a judgment, order, or proceeding," to "grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action," or to "set aside a judgment for fraud on the court."  Fed.R.Civ.P. 60(d)(1)-(3) (2010).  Until its amendment effective December 1, 2007, Rule 60 had only subsections (a) and (b).  The changes were stylistic (*see* Advisory Committee Notes to 2007 Amendments), and the language now set forth in subsections (c), (d), and (e) was formerly contained within 60(b).  *Compare* Fed.R.Civ.P. 60 (2006).

It is therefore respectfully **RECOMMENDED** that the motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b) and (d), doc. 79, be summarily **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 15, 2011.

   S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.