**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

                                      **Case No. 1:08cr389-WS**
**vs.**                                 **Case No. 1:10cv703-WS/WCS**

**EDMUND HUDMOND SMITH, IV,**

    **Defendant.**

                                 /

## REPORT AND RECOMMENDATION TO DENY § 2255 MOTION

Defendant was convicted for possession of ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1). Doc. 61 (judgment). He filed a pro se motion to vacate sentence pursuant to 28 U.S.C. § 2255. Doc. 74. As instructed in court orders, docs. 81 and 86, he filed an amended and second amended motion. Docs. 83 and 87. The second amended motion superseded the earlier motions, so a separate order is entered denying docs. 74 and 83 as moot. The Government filed a response to the second amended § 2255 motion (doc. 87, hereafter referenced as § 2255 motion). Doc. 89.

Defendant filed a number of documents in response, none of which include a certificate of service on counsel for the Government. The clerk was directed to file his

response to order directing response to Government's opposition despite the lack of a certificate of service, and to return the other documents, and Defendant was advised that "no further pleadings will be accepted unless they comply with Rule 5 of the Federal Rules of Civil Procedure."  Doc. 92, p. 2.

The following documents have been received by the clerk, but not filed:  "First Addition to Response to Vacate and or [Acquit] For: 2255" (dated July 6, 2011); "III [Addendum] or Additional Information of Fact, for Response" (dated July 10, 2010); "Addition in Response to Response of 2255" and "IV Additional Information to Response to § 2255" (both dated July 14, 2010).  These documents must be returned for lack of a certificate of service.[1]  Further, it is improper to proceed in such a piecemeal fashion or to continually file argument.

There is no need to further delay resolution of the § 2255 motion, however.  As noted by the Government, although Defendant sets out four grounds for relief, there is really only one underlying issue:  that the Alabama state court conviction, case 2007-3375, was a misdemeanor and not a felony.  Defendant argues that this conviction was not a predicate felony for the felon in possession of ammunition charge in this case.  To support his claim that it was a misdemeanor, Defendant asserts that a sentence of only six months was imposed, and that under Alabama law the grade of the offense is determined by the sentence actually imposed.

As set forth in the attachment to the § 2255 motion, addressed "[t]o whom it may concern," Defendant states:

---

[1] They were all signed and dated by Defendant before the deficiency order of July 19, 2011.  Doc. 92.

I was indicted on "certain persons forbidden to [possess]" 13A-011-72(A), on August 24, 2007 (Document B) and subsequently arrested on that indictment, on September 5, 2007, and remanded to confinement in the Mobile Metro Jail until February 13, 2008 and Judge Graddick adjudged me guilty, and thus imposed a sentence of "Six Months" and ordered me to pay court cost. (sentence imposed was 6 months)[.] Then he gave me [an] extra jail credit of 27 days on a previous case of (CC-2007-3126). This was previous of this case or indictment and arrest on (CC-2007-3375)[.] once the math had been calculated, it gave me a jail credit for . . . five (5) more days, than was needed to end my (Six Month) sentence imposed, on case CC-2007-3375! That is a total of six months and five days time served jail credit, instead of five months and eight days, the actual time I spent in jail on CC-2007-3375 (From 9/5/07 thru 2/13/08 = 5 months & 8 days) add (4/25/07) - 5/22/07 = 27 days, it comes to six months and five days total credit Judge, and court gave me.

Doc. 87, attachment (p. 14 in ECF) (Electronic Case Filing).[2] He alleges that it is clearly

stated on his "case action summary," his Alabama judicial data report, and the record of

sentencing that he was sentenced to six months in the state case. *Id.*, p. 15 in ECF,

referencing Exs. C, D, F, K, and L. Defendant contends that as a matter of Alabama

law, a sentence of up to six months can only be for a misdemeanor offense, and that

the record shows he was convicted under Alabama Code § 13A-011-72(b), which is a

misdemeanor. *Id.*

The Government responds that the issue has already been decided and should

be denied under the law of the case doctrine and because the claim is barred from §

2255 review as it was already disposed of on direct appeal. Doc. 89, pp. 4-6.

---

[2] I cannot find a Document B (or Exhibit B) attached to doc. 87; however the indictment of August 24, 2007, was submitted with the Government's motion in limine, discussed ahead. Doc. 24. The indictment does not contain the language "certain persons forbidden to possess," or reference § 13A-11-72(b). Instead it charges that Defendant, "having previously been convicted of a crime of violence," possessed or had under his control a firearm, in violation of § 13A-11-72(a). Doc. 24, Ex. 3 (doc. 24-1, p. 10 in ECF).

The Government is correct. This claim was rejected by the district court and on appeal. The Government filed a motion in limine to prevent testimony or argument that Defendant was not a convicted felon. Doc. 24. It was believed that Defendant would argue that he was convicted of a misdemeanor under Alabama Code § 13A-11-72(b), based on a printout of the Alabama Judicial Data Center which erroneously cited subsection (b). *Id.*, pp. 2-3. It was argued that the state record clearly reflected that Defendant had been convicted under Alabama Code § 13A-11-72(a), a felony. *Id.*, pp. 2-5. In support, the Government referenced the state court plea transcript of February 13, 2008, the criminal fee summary page, the indictment, the case action summary sheet, the notice of intent to plead guilty, and the explanation of rights and plea of guilty as signed by Defendant and his attorney, all of which were attached as exhibits to the motion in limine. *Id.*, pp. 2-5 and Exs.1-7 (the exhibits are doc. 24-1, pp. 1-15 in ECF). The Government argued that whether a conviction is a felony is determined by the potential sentence of over one year, not the actual sentence imposed. Id., pp. 4-5. It was argued that § 13A-11-72(a) authorizes imprisonment up to five years, and Alabama courts have held that a conviction under that section is a felony. *Id.*, p. 5 (collecting cases). The motion in limine was granted by written order, which discussed the Alabama statutes, law, and state court record. Doc. 31.[3]

---

[3] The court noted the difference between subsections (a) and (b) of § 13A-11-72. Doc. 31, p. 3. Subsection (a) prohibits possession of a pistol by a person previously convicted of committing or attempting to commit a crime of violence, and was punishable by up to five years imprisonment as a felony offense. *Id.* Subsection (b) prohibited possession of a pistol by a person who is a drug addict or habitual drunkard, was punishable by imprisonment for less than one year, and was a misdemeanor offense. *Id.*

Case Nos. 1:08cr389-WS and 1:10cv703-WS/WCS

Defendant raised the issue again by motion for judgment of acquittal. Doc. 34-1.

Attached in support was a copy of the Alabama Judicial Center Data Report dated

February 22, 2008, reflecting the statute of conviction as § 13A-11-72(b) rather than

subparagraph (a).  Attachment to doc. 34 (doc. 34-1, p. 2 in ECF).  The court denied the

motion by written order.  Doc. 35.

On direct appeal, Defendant raised one claim, "that the district court erred by

denying his motion for judgment of acquittal because it erroneously concluded that he

previously was convicted of a felony in Alabama state court under Alabama Code §

13A-11-72(a)," because he was convicted of a misdemeanor under § 13A-11-72(b).

Doc. 72 (opinion on appeal at p. 2) (p. 6 in ECF).  The Eleventh Circuit "conclude[d] that

Smith's criminal history included a felony conviction under Alabama Code § 13A-11-

72(a), for which he served in excess of one year," and it therefore was a predicate

offense for his conviction under § 922(g).  *Id.*, p. 4 (p. 8 in ECF).

Defendant's claim in this § 2255 motion presents the same arguments and relies

upon the same exhibits previously considered.  He has also supplied a copy of an order

entered in the state court case summarily denying post conviction relief, and affidavits

from two people claiming they were present and witnessed the court proceedings and

plea deal in his Alabama case, and that Defendant accepted the agreement to plead

guilty to a misdemeanor under § 13A-11-72(b), to be sentenced to time served and

released.  Doc. 87, Exhibits labeled New Doc. # 1, E1 and E2 (pp. 19-23, 36-37 in

ECF).[4]

---

[4] Defendant also attached a copy of Alabama Code § 13A-5-8 (providing in its
entirety that "[t]he place of imprisonment for sentences imposed in this state shall be as

The post conviction order has no apparent relevance here. The affidavits are contrary to the transcript of the Alabama guilty plea[5] and other documents supplied by the Government with the motion in limine. Moreover, Defendant's argument has consistently been that his Alabama conviction was not, as a matter of law, for a felony offense because he was convicted under subsection (b) and because his actual sentence was for less than a year. He does not argue that he entered a plea to a lesser offense in the Alabama case as part of a plea agreement.

A district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. Thomas v. United States, 572 F.3d 1300, 1304 (11th Cir. 2009); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000). "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." 211 F.3d at 1343, quoting United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977) (footnote omitted). In Thomas, the court noted that "we have not yet applied the law of the case doctrine *by name* in the context of a § 2255 motion, as a bar to review of a claim first raised on direct appeal," but "we have held that '[t]he district court is not required to reconsider claims of error

---

established elsewhere by law" and the historical notes and commentary to the statute. Doc. 87, Doc. L (pp. 43-44 in ECF). Defendant has highlighted the part that shows the authorized term for a Class B misdemeanor is up to six months. The commentary also provides that the authorized term for a Class B felony is two to twenty years. Since a five year term was authorized for Defendant's offense, this shows that the state offense of conviction was a Class B felony rather than a misdemeanor.

[5] Defendant acknowledged his understanding that he could be sentenced up to five years, and agreed that he was found to be in possession of a firearm after conviction of a crime of violence. Doc. 24, Ex. 1, pp. 4, 6 (doc. 24-1, pp. 4, 6). That is the offense proscribed in subsection (a), not (b), of § 13A-11-72. *See supra*, n. 4.

that were raised and disposed of on direct appeal.'" 572 F.3d at 1304 and n. 4, *quoting*

Nyhuis.[6]

The issue of whether Defendant's Alabama conviction was for a felony or

misdemeanor was rejected in the order granting the motion in limine, the order denying

his motion for judgment of acquittal, and by the Eleventh Circuit on direct appeal.  It

cannot be relitigated under § 2255.

Finally, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant," and if a

certificate is issued "the court must state the specific issue or issues that satisfy the

showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be

filed, even if the court issues a certificate of appealability.  § 2255 Rule 11(b).

I find no substantial showing of the denial of a constitutional right.  § 2253(c)(2);

Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542

(2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, I

recommend that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order,

the court may direct the parties to submit arguments on whether a certificate should

---

[6] The court cited White v. United States, 371 F.3d 900, 902 (7th Cir. 2004) in
footnote 4.  White applied law of the case doctrine to bar relitigation in a § 2255
proceeding of an issue decided on direct appeal.  371 F.3d at 902, collecting cases from
the Fourth, Seventh, and Eighth Circuits.  In Thomas the court assumed the law of the
case doctrine would apply, but found it did not bar review of a § 2255 claim that
defendant had been denied counsel in prior state proceedings, as counsel did not raise
the issue in his *Anders* brief, and defendant only vaguely claimed that the convictions
were "not countable" in his pro se brief on direct appeal.  572 F.3d at 1305.

issue."  The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

It is therefore respectfully **RECOMMENDED** that the second amended § 2255 motion (doc. 87) be **DENIED WITH PREJUDICE**., and that a certificate of appealability be **DENIED** pursuant to § 2255 Rule 11(a).

**IN CHAMBERS** at Tallahassee, Florida, on August 17, 2011.

  S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**