IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

                                       Case No. 1:08cr389-WS
**vs.**                                     Case No. 1:10cv703-WS/CAS

**EDMUND HUDMOND SMITH, IV,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2255 MOTION

Defendant Edmund Hudmond Smith, IV, proceeding pro se, has filed a motion to vacate pursuant to 28 U.S.C. § 2255. Doc. 112. The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636. *See id.* Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After reviewing the record, the undersigned concludes the Court lacks jurisdiction to consider Defendant's motion.

## Background

In January 2010, Defendant was convicted in this case with possession of ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1). Doc. 61 (judgment). Defendant appealed his conviction to the Eleventh Circuit Court of Appeals. Doc. 62. On September 30, 2010, the Eleventh Circuit affirmed the appeal. Doc. 72.

In December 2010, Defendant filed a pro se motion to vacate sentence pursuant to 28 U.S.C. § 2255. Doc. 74 (motion), 83 (amended motion), 87 (second amended motion). The Government filed a response. Doc. 89.

In August 2011, this Court entered a Report and Recommendation that Defendant's § 2255 motion be denied with prejudice. Doc. 95. By order dated September 21, 2011, the district judge adopted that Report and Recommendation, denied Defendant's § 2255 motion with prejudice, and directed that a certificate of appealability shall not issue. Doc. 97.

Defendant filed a notice of appeal and a request for certificate of appealability. Docs. 98 and 99. By order dated November 28, 2011, this Court denied the requested relief, noting that Defendant may seek a certificate of appealability from the Eleventh Circuit Court of Appeals. Doc. 100.

Thereafter, Defendant's notice of appeal was transmitted to the Eleventh Circuit. *See* Docs. 101, 102. Defendant filed motions for leave to appeal in forma pauperis. (Doc. 103, 106), which were denied (Doc. 104, 108). The Eleventh Circuit dismissed the appeal for failure to pay the docketing and filing fees. Doc. 109.

## Analysis

As explained above, Defendant has previously sought and been denied relief under § 2255.  Before filing a second or successive application for § 2255 relief in the district court, Defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. §§ 2244(b)(3), 2255(h).  See, e.g., Felker v. Turpin, 518 U.S. 651 (1996); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); R. Gov. § 2255 P. 9 ("Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").  "Without authorization, the district court lacks jurisdiction to consider a second or successive petition."  Holt, 417 at 1175.  Because Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, this § 2255 motion should be dismissed for lack of jurisdiction.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

After review of the record, the undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).

Case Nos. 1:08cr389-WS and 1:10cv703-WS/CAS

Therefore, it is also recommended that the Court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. The § 2255 motion to vacate (Doc. 112) be **DISMISSED** for lack of jurisdiction.

2. A certificate of appealability be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 28, 2013.

> S/ Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO PARTIES

**Within fourteen (14) days after being served with a copy of this report and recommendation, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case Nos. 1:08cr389-WS and 1:10cv703-WS/CAS